IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR ROSAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. |
| vs. | ) | |
| | ) | |
| CHICAGO POLICE SGT. XAVIER ELIZONDO, | ) | |
| STAR #1340; CHICAGO POLICE OFFICER | ) | |
| DAVID SALGADO, STAR #16347; OTHER | ) | |
| UNKNOWN CHICAGO POLICE OFFICERS; | ) | |
| and THE CITY OF CHICAGO, a Municipal | ) | |
| Corporation, | ) | |
| | ) | JURY DEMAND |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the PLAINTIFF, VICTOR ROSAS, by and through his attorneys, LAW OFFICES OF JEFFREY J. NESLUND, and complains of the DEFENDANTS, CHICAGO POLICE SGT. XAVIER ELIZONDO, STAR #1340; CHICAGO POLICE OFFICER DAVID SALGADO, STAR #16347; OTHER UNKNOWN CHICAGO POLICE OFFICERS (hereinafter "DEFENDANT OFFICERS AND SERGEANT"); and THE CITY OF CHICAGO, as follows:

### INTRODUCTION

1. This is an action for civil damages brought pursuant to 42 U.S.C. § 1983 for the deprivation of Plaintiff Victor Rosas's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331, 1343 and 1367.

3. Venue in this district is proper pursuant to 28 U.S.C sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

Further, the PLAINTIFF and DEFENDANTS reside within this judicial district and DEFENDANT CITY OF CHICAGO is a municipal corporation located within this district.

4. The DEFENDANT OFFICERS and SERGEANT were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

## FACTUAL SUMMARY

5. On May 13, 2017, PLAINTIFF was in a vehicle lawfully parked in the vicinity of 2332 W. 18th Place, Chicago.

6. DEFENDANT SGT. ELIZONDO and DEFENDANT OFFICER SALGADO ordered PLAINTIFF out of the vehicle despite the fact PLAINTIFF was not in violation of any laws.

7. DEFENDANTS SGT. ELIZONDO, SALGADO and OTHER UNKNOWN OFFICERS conducted an illegal search of the vehicle without permission or probable cause that any crime had been committed.

8. DEFENDANTS SGT. ELIZONDO, SALGADO and OTHER UNKNOWN OFFICERS arrested Plaintiff, Victor Rosas, and transported him to the 10th District Chicago police station.

9. The DEFENDANT OFFICERS promised to let PLAINTIFF go if he agreed to be an informant for them.

10. After the PLAINTIFF refused to act as an informant, the DEFENDANT OFFICERS generated sworn police reports that contained false statements and omitted material facts.

11. The false information provided by the Defendant Chicago Police Officers in sworn reports and criminal complaints was used at a bond hearing after Plaintiff's arrest. At that bond hearing, Plaintiff's bond was set at an amount that he could not readily post.

12. As a result of the bond that was set on the false charges, Plaintiff was detained in the Cook County Department of Corrections for over nine months.

13. Plaintiff was subsequently charged in Cook County criminal case no. 17-CR-8432 with the felony offense of Unlawful Use of a Weapon.

14. DEFENDANT OFFICER SALGADO provided false testimony before the Cook County Grand Jury to obtain a true bill indictment against the Plaintiff.

15. Plaintiff was forced to defend himself against these false charges and hired counsel to defend him. But for the DEFENDANTS' misconduct outlined above, the criminal prosecution of the PLAINTIFF would not have occurred.

16. On February 21, 2018, all criminal charges brought by the DEFENDANT OFFICERS were dismissed by the Cook County State's Attorneys' Office.

17. In May of 2018, DEFENDANT SGT. ELIZONDO and DEFENDANT SALGADO were indicted in case no. 18-CR-286 for conspiring with each other and others to commit criminal offenses against the United States in their capacity as Chicago police officers.

**COUNT I**
**42 U.S.C. § 1983: False Arrest/Unlawful Detention**
(Defendant Officers and Sergeant)

18. PLAINTIFF re-alleges and incorporates paragraphs 1-17 as fully stated herein.

19. As described above, DEFENDANT OFFICES and SERGEANT falsely arrested and unlawfully detained PLAINTIFF without justification and without probable cause.

20. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the PLAINTIFF.

21. As a result of the above-described wrongful infringement of PLAINTIFF'S rights, PLAINTIFF suffered damages, including but not limited to prolonged physical incarceration and severe mental distress and anguish.

## COUNT II
**Conspiracy Claims**
(Defendant Officers and Sergeant)

22. PLAINTIFF re-alleges and incorporates paragraphs 1-17 above as fully stated herein.

23. As outlined above, the DEFENDANTS conspired and agreed to unlawfully use the police powers of the DEFENDANT OFFICERS to violate the civil rights of the Plaintiff and charge him with crimes he did not commit.

24. The DEFENDANTS took overt acts in furtherance of this conspiracy, which included fabricating evidence, providing false information in sworn reports, signing false criminal complaints, and providing perjured and false testimony in criminal proceedings which resulted in a deprivation of the Plaintiff's liberty and false criminal charges being lodged against him.

25. The misconduct described in this Count was undertaken intentionally, with malice, willfulness, wantonness and reckless indifference to the rights of the PLAINTIFF.

26. As a result of the above-described wrongful infringement of PLAINTIFF'S rights, he have suffered financial and other damages, including but not limited to substantial incarceration, mental stress and anguish.

27. The aforementioned actions of the DEFENDANTS were the direct and proximate cause of the violations of the United States Constitution, the Fourth Amendment and Fourteenth Amendment.

## COUNT III
**Fourth Amendment Claim for Deprivation of Liberty**
(Defendant Officers and Sergeant)

28. Plaintiff re-alleges and incorporates paragraphs 1-17 above as fully stated herein.

29. As a result of evidence fabricated by the DEFENDANTS, the Plaintiff was deprived of his liberty and was incarcerated in the Cook County Department of Corrections.

30. But for the misconduct of the DEFENDANTS outlined above, the Plaintiff would not have suffered a deprivation of his liberty.

31. The misconduct of DEFENDANTS outlined above proximately caused injury to the Plaintiff, including, but not limited to prolonged incarceration, humiliation, embarrassment, and severe emotional distress.

## COUNT IV
### *Monell* Claim Against Defendant City of Chicago

32. Plaintiff re-alleges and incorporates paragraphs 1-17 above as fully stated herein.

33. The Chicago Police Department (the "Department") is a subsidiary division of Defendant, Defendant City of Chicago.

34. The City maintains and exercises exclusive control over the Department, its policies and procedures, as well as the conduct of all of its employees, including Defendant Chicago Police Officers.

35. The Independent Police Review Authority ("IPRA") is a subsidiary of Defendant City of Chicago during all times relevant to this Complaint. The City maintained and exercised exclusive control over IPRA, its policies and procedures, as well as the conduct of its employees.

36. Defendant City, through its subsidiary the Chicago Police Department, has established certain policies and procedures that were adopted and promulgated through the actions and inactions of senior and intermediate supervising officers of the Chicago Police Department, and were thereby ratified by Defendant City of Chicago.

37. At the time of this occurrence and prior thereto, there existed within the Chicago Police Department policies and procedures which result in the failure or refusal of the Chicago

Police Department to properly and legitimately investigate police misconduct committed by sworn Chicago Police Officers against civilian citizens of Chicago.

38. The failure or refusal of the Chicago Police Department to properly and legitimately investigate police misconduct by sworn Chicago Police Officers, and the resulting failure of the Chicago Police Department to properly discipline its officers for such misconduct, is the proximate cause of frequent injuries to civilian citizens, including Plaintiff Victor Rosas.

39. The failure and refusal by the CITY, through the Chicago Police Department and IPRA, to properly and legitimately investigate the use of police misconduct by sworn Chicago Police Officers, signals a tolerance by Defendant City of police misconduct by Chicago Police Officers, and constitutes a deliberate indifference by Defendant City of Chicago to such conduct.

40. A 2016 United States Department of Justice Department analysis of the Chicago Police Department determined that the civil rights of the citizens who lived on the South and West side of the City of Chicago had been routinely violated by members of the Chicago Police Department for a number of years.

41. Recently DEFENDANTS XAVIER ELIZONDO and DAVID SALGADO were indicted in case No. 18-CR-286 for theft, lying to federal authorities, and conspiracy to commit criminal offenses against the United States.

42. The Indictment contains multiple instances of this behavior with is indicative of the pattern and practice alleged herein.

43. At no point were either DEFENDANT OFFICERS ELIZONDO or SALGADO disciplined or sanctioned in any manner for the criminal conduct that was alleged in the Indictment.

44. By its polices of non-feasance and deliberate indifference in the aforementioned

6

areas, Defendant City of Chicago, through the Chicago Police Department, let it be known to its supervisors and officers, such as Defendant Chicago Police Officers, that Defendant City of Chicago condoned, ratified and, by virtue thereof encouraged, the unwarranted and illegal misconduct by said officers.

45. The acts and omissions of Defendant City of Chicago, through the policies and procedures implemented by the Chicago Police Department and IPRA, were a deliberate and malicious deprivation of Plaintiff Victor Rosas's constitutional rights as guaranteed to the plaintiff by the Fourth Amendment to the Constitution, and made applicable to the states by the Fourteenth Amendment.

46. As a matter of both policy and practice, the Chicago Police Department and IPRA directly encouraged, and was thereby the moving force behind, the very type of misconduct at issue here by failing to adequately investigate its officers, such that its failure to do so is objectively unreasonable.

47. Defendant City of Chicago has failed to remedy the patterns of behavior described in these subparagraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

48. The policy and practice is furthered by the actions of Defendant City of Chicago through IPRA in making findings in a disproportional small number of cases involving officers accused of misconduct.

49. The policy and practice of Defendant City of Chicago condone a "code of silence" within the City of Chicago Police Department that results in the failure to report police misconduct and citizens suffering deprivations of their constitutional rights such as the one set forth in this Complaint.

50. Said policies, practices, customs, and omissions as set forth above, both individually and collectively, were maintained and implemented with deliberate indifference, and caused agents, servants and/or employees of the Chicago Police Department referred to commit the aforesaid acts against Plaintiff and, therefore, acted as direct and proximate causes of said constitutional violations to Plaintiff Victor Rosas.

51. As a direct and proximate cause of the wrongful acts of Defendant City of Chicago, Plaintiff suffered injuries, including loss of liberty, mental anguish, emotional damages, including emotional distress and a disruption of daily life functions.

## COUNT V
### Indemnification

52. PLAINTIFF re-alleges and incorporates paragraphs 1-17 above as fully stated herein.

53. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

54. The DEFENDANT OFFICERS and SERGEANT acted within the scope of their employment in committing the misconduct described herein. Therefore, DEFENDANT CITY OF CHICAGO is liable as their employer for any resulting damages or award of attorney's fees.

WHEREFORE, PLAINTIFF, VICTOR ROSAS, respectfully requests that the Court enter judgment in his favor and against DEFENDANTS, CHICAGO POLICE SGT. XAVIER ELIZONDO, STAR #1340; CHICAGO POLICE OFFICER DAVID SALGADO, STAR #16347; OTHER UNKNOWN CHICAGO POLICE OFFICERS; and THE CITY OF CHICAGO, awarding compensatory damages, costs, and attorneys fees, along with punitive

damages against the DEFENDANT OFFICERS and SERGEANT in their individual capacities, as well as any other relief this court deems just and appropriate.

## JURY DEMAND

PLAINTIFF, VICTOR ROSAS, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

/s/ Jeffrey J. Neslund
JEFFREY J. NESLUND
Attorney for Plaintiff

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
20 North Wacker Drive
Suite 3710
Chicago, Illinois 60606
(312) 223-1100